## GENERAL ELECTRIC CO. v. AMPEREX ELECTRONIC PRODUCTS, Inc., et al.

### No. 315.

Circuit Court of Appeals, Second Circuit.

May 3, 1937.

Drury W. Cooper, John C. Kerr, and George F. Des Marais, all of New York City, for appellant.

Darby & Darby, of New York City (Samuel E. Darby, Jr., of New York City, of counsel), for appellees.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

This suit is for infringement of two patents: Claims 1, 6, 8, and 14 of the Friederich patent, No. 1,393,520, for "Enclosed Arc Device and Method of Starting the Same"; and claims 1, 2, and 3 of the Meikle patent, No. 1,266,517, for a rectifier arc. The latter patent expired after the bill was filed and prior to the trial. The decision below held that none of the claims of the Friederich patent were infringed and the Meikle patent was held invalid. The alleged infringement consists of the sale of rectifier bulbs, a device for changing alternating current to direct current. The bulbs were adapted for low voltage battery charging service. Appellee sold the rectifier bulbs which it purchased from a manufacturer.

Friederich's patent was primarily concerned with producing a protecting envelop of vapor, an electric arc discharge which would be dependable for use as a source of brilliant illumination for a lamp. The arc discharge and the incandescent electrodes were the source of light. The utility of the lamp was dependent upon obtaining the arc discharge and maintaining it substantially constant without further attention. This was accomplished with solid and pre-positioned electrodes of refractory materials which the inventor maintained in substantially permanent functioning relationship by an inert gas under pressure. To operate the arc in vapor under pressure and to steady the arc are objects stated in the patent. The lamp, an arc device, has a glass envelop through which leading-in wires pass which support the cathode, which is a closely coiled spiral of highly refractory material such as tungsten. The cathode has two leading-in wires so that current may be passed through it for heating the same before any current flows between the anode and cathode.

A second or co-operating electrode is in the form of a sphere; other forms are suggested, such as a rod or spiral. It is supported by a single leading-in wire through which current is supplied. The arc discharge takes place between the electrodes which are thereby maintained incandescent. The arc can be operated by either direct or alternating current voltage impressed across the electrodes. The glass envelop is filled with a gas inert with respect to the metal constituting the electrodes, as mercury vapor, nitrogen, argon, or a mixture of inert gases. The pressure of the gas covers a pressure range within the limits of several millimeters of pressure to atmospheric pressure (760 mm.).

The arc discharges are distinguished from other types of electric discharges by the passing of large currents between a pair of electrodes with a difference of potential of only a few volts. This cannot occur unless there is gas present. Friederich obtained an arc by the use of substantial gas pressure and he discovered that gas pressure served to maintain the arc for a considerable length of time without disintegration of the cathode. The suppression of electrical disintegration is one of the important functions of the gas. The action is almost complete at the pressure of a few millimeters.

Friederich's device is wholly incapable of use as a rectifier without such modification and change as to cover the claims

710

of the Meikle patent. The prevention of disintegration of the cathode and the lamp by utilizing therein an inert gas at a pressure ranging from several millimeters to one atmosphere, which is 760 mm., was old and indeed inevitably existed in every closed arc discharge device which employed mercury vapor as an arcing medium.

The Meikle rectifier has a cathode and an anode, argon under substantial gaseous pressure, and the glass envelop or container for these elements. The cathode is supported by the leading-in conductors. It is in the form of a helical wire of highly refractory material such as tungsten. The inventor sought to produce an arc rectifier suitable for use in commerce for the purpose of rectifying current. The rectifier had to have a long life as well as involve the consumption of as little energy as possible. He found it necessary therefore to strike a balance between efficiency of operation and life; that is, to take advantage of the low voltage drop obtainable as far as possible without sacrificing life.

The claims of this patent are directed to the patentee's particular arc rectifier, in which there is a filling of argon at such a pressure as to reduce the voltage drop down to one or two volts but at the same time sufficiently high to protect against disintegration of the cathode—which features contribute high efficiency and high life to an arc rectifier.

Meikle, like Friederich, is an inclosed arc discharge device, and suggests tungsten formed into a coil or helix as the filament. Like Friederich, he makes his anode of tungsten. Meikle uses argon as the inert gas filling and argon is one of the gases specifically named by Friederich for the same purpose. Meikle suggests for the pressure of the gas about one centimeter of mercury to atmospheric pressure. Appellant's expert admitted the identity of the disclosures of the Friederich and Meikle patents in this respect. The expert said that the only difference is that Meikle uses a larger anode than did Friederich. That presents the question of whether it amounts to an invention over Friederich to do so. Merely increasing the size of the anode does not.

■ The Kruh patent, No. 1,032,914, applied for April 13, 1906, and granted July 16, 1912, describes and shows an evacuated device containing tungsten electrodes one of which is a large filament formed into a helix, and the anode is a large block just as in appellee's rectifier. The device is described as containing inert gas—mercury vapor—obtained from vaporizing mercury. It describes a device used as a lamp or light source as a rectifier. It anticipates both the Friederich patent for a lamp and the Meikle patent for a rectifier. The arc of Friederich is affected by the mercury vapor in the tube. Kruh's device operates as an arc discharge. Each of the elements are common to both the patents in suit. Friederich and Kruh have a filament of tungsten, an anode composed of tungsten; the glass envelop is filled with inert gas. Kruh's disclosure is as full and complete in respect to temperature of filament as Friederich's. The gas pressure of Friederich's patent is of at least several millimeters of mercury. Kruh describes the filament electrode as brought to a red heat and kept glowing all the time for the purpose of heating the mercury to cause it to vaporize which alone enables the device to operate as a mercury arc. The result is that in Kruh's device inevitably the heat from the filament heats the surface of the mercury converts it into mercury vapor which establishes an arc between the cathode and anode, which in turn raises the heat of the cathode, converts the mercury into vapor so that the pressure within the Kruh device becomes of the same magnitude as contemplated by Friederich.

The Kruh patent constitutes a complete anticipation of all that is disclosed in the Friederich patent. Kruh discloses an electric arc device comprising a sealed container, a cathode of tungsten operating therein at incandescence, a co-operating anode, terminal conductors for the electrodes, a filling material (mercury) inert with respect to the electrodes during the operation of the device, and having at the operating temperature a pressure high enough to give an electric discharge the characteristics of an arc.

■ Nor was there novelty in Meikle over Kruh. The same elements are common to both. There was no novelty in Meikle using a larger anode and no invention can be predicated thereon especially where the single feature which alone concededly distinguishes Meikle and Friederich is neither described nor claimed as an invention of the patent. Both patents are

invalid in view of Kruh's earlier invention.

Decree affirmed.